UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: : | CHAPTER 7 |
| : | |
| YOO JIN KIM, : | CASE NO. 18-68287-JWC |
| : | |
| Debtor. : | |
| : | |
| S. GREGORY HAYS, : | |
| Chapter 7 Trustee for the Estate of : | |
| Yoo Jin Kim, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | ADV. PRO. NO. |
| KEVIN DONG IL CHANG, and : | |
| GEUM HEE KIM, : | |
| : | |
| Defendants. : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Plaintiff**") for the bankruptcy estate of Yoo Jin Kim (the "**Bankruptcy Estate**"), by and through undersigned counsel, and files this *Complaint* against Kevin Dong Il Chang ("**Mr. Chang**") and Geum Hee Kim ("**Ms. Kim**," and collectively with Mr. Chang, the "**Defendants**") and respectfully shows the Court as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 363(h), 548, 550 and 551.

2. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157 (b)(2).

15594755_1

1

3. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in the Chapter 7 bankruptcy case of Debtor Yoo Jin Kim, Case No. 18-68287-JWC (the "**Bankruptcy Case**"), pending in the Northern District of Georgia, Atlanta Division.

4. This adversary proceeding is initiated under Rules 7001(1), (2), and (3) of the Federal Rules of Bankruptcy Procedure.

5. Defendant Ms. Kim is Debtor's sister.

6. Defendant Mr. Chang is Debtor's brother-in-law.

7. Defendant Mr. Chang is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail as follows:

> Kevin Dong Il Chang
> 2876 Red Pine Ct.
> Duluth, GA  30096

8. Defendant Ms. Kim is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail as follows:

> Geum Hee Kim
> 2876 Red Pine Ct.
> Duluth, GA  30096

9. Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court.

### Statement of Facts

#### *a. General Background*

10. Debtor initiated the Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on October 31, 2018 (the "**Petition Date**").

11. On the Petition Date, Debtor filed under penalty of perjury her *Statement of Financial Affairs* (the "**Sworn Statements**"), *Schedules A* through *J* (the "**Sworn Statements**"), and *Other Bankruptcy Documents*.

12. In response to Sworn Statements question no. 18, the Debtor testified that she transferred property located at 2876 Red Pine Ct. Duluth, GA 30096 (the "**Property**") to Mr. Chang on October 19, 2017.

13. Plaintiff was appointed to the Bankruptcy Case as interim Chapter 7 Trustee pursuant to 11 U.S.C. § 701(a)(1).

14. At the conclusion of the meeting of creditors, conducted in accordance with 11 U.S.C. § 341(a) on January 15, 2019, Plaintiff became the permanent Chapter 7 Trustee under 11 U.S.C. § 702(d). The duties of Plaintiff include an obligation to "collect and reduce to money the property of the [Bankruptcy E]state. . . ." 11 U.S.C. § 704(a)(1).

#### *b. Sale of the Property and Transfers or Gifts Made at Closing of Sale*

15. On or about October 19, 2017 Debtor executed a limited warranty deed conveying the Property to Mr. Chang. The limited warranty deed was recorded on October 27, 2017 at Deed Book 55489, Page 89, Gwinnet County Georgia Real Estate Records.

16. The Closing Statement for Debtor's October 19, 2017 sale of the Property to Mr. Chang indicates that Debtor made a "gift of equity" to Mr. Chang in the amount of $11,750, and

that Debtor gave him a "seller credit" of $7,000. The Debtor's "gift of equity" and "seller credit" given to Mr. Chang at the closing of the Sale of the Property are hereinafter referred to as the "**Chang Transfers**."

17. The Closing Statement indicates that the sale price of the Property was $235,000.00 and that a first mortgage in the amount of $126,702.81 was paid at closing.

### *e. Debtor's Financial Condition*

18. There are unsecured claims filed in the Bankruptcy Case in the total amount of $16,678.07.

19. On her Sworn Statements, Debtor scheduled total debts of $21,455.00 [Doc. No. 1 at page 38 of 51].

20. Debtor scheduled total assets with a value of $18,720.00. *Id*. This includes the value of a vehicle scheduled with a value of $16,000.00, which is subject to a secured debt of $13,198.00. Debtor claimed an exemption in the equity in the vehicle. *Id.* at pages 15, 20, and 22.

21. Upon information and belief, Debtor's financial condition did not materially change from the date of the Transfers to the Petition Date.

### **Other Transfers**

22. After her sale or transfer of the Property to Mr. Chang, Debtor made multiple transfers to Ms. Kim in October of 2017 (some of which are identified as "gifts" on the check memos).

23. The transfers to Ms. Kim (hereinafter referred to as the "Kim Transfers") are identified as follows:

**Checks to Geum H. Kim**

| Clear Date | Check Date | Check # | Amount | Check Memo |
|---|---|---|---|---|
| 10/25/2017 | 10/23/2017 | 109 | $30,000.00 | Gift |
| 10/31/2017 | 10/28/2017 | 118 | $2,000.00 | Gift |
| 10/31/2017 | 10/28/2017 | 119 | $10,000.00 | Gift |
| 10/31/2017 | 10/28/2017 | 120 | $10,000.00 | Gift |
| 11/1/2017 | 10/28/2017 | 121 | $545.00 | Gift |
| 11/13/2017 | 10/8/2017 | 143 | $949.53 | |
| | | | $53,494.53 | |

24.  On information and belief, Debtor made other transfers to Mr. Chang or to Ms. Kim in October of 2017. These transfers (hereinafter referred to as the "**Un-Identified Transfers**") are identified as follows:

**Other Withdrawals Payee Not Identified**

| Clear Date | Check Date | Check # | Amount |
|---|---|---|---|
| 10/20/2017 | 10/20/2017 | Withdrawal | $1,950.21 |
| 10/23/2017 | 10/23/2017 | Withdrawal | $7,200.00 |
| 10/26/2017 | 10/26/2017 | Withdrawal | $3,000.00 |
| | | | $12,150.21 |

The Un-Identified Transfers, the Chang Transfers, and the Kim Transfers are collectively hereinafter referred to as the "**Transfers**."

25.  During the course of this adversary proceeding, Trustee may learn (through discovery or otherwise) of additional transfers made to Defendants during any applicable period under the Bankruptcy Code or other applicable law. It is Trustee's intention to avoid and recover, under federal and state law, all transfers of any interest of Debtor in property made to or for the benefit of Defendants or any other transferee, including but not limited to preferential, fraudulent, and unauthorized post-petition transfers. Trustee reserves the right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers,

(iii) modifications of and/or revision to Defendants' names, and/or (iv) additional defendants that may become known to Trustee at any time during this Adversary Proceeding, through formal discovery or otherwise, and for all such amendments to relate back to the date of filing of this original Complaint.

### COUNT I

### (Avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B))

26. Plaintiff realleges the allegations of paragraphs 1 through 25 above as though fully set forth herein.

27. The Transfers were transfers of an interest of Debtor in property.

28. The Transfers were within two years before the Petition Date.

29. Debtor received less than reasonably equivalent value in exchange for the Transfers.

30. Debtor was insolvent on the date of the Transfers or became insolvent as a result thereof.

31. The Transfers were made to or for the benefit of an insider.

32. Pursuant to 11 U.S.C. § 548(a)(1)(B), Plaintiff is entitled to avoid the Transfers made by Debtor to Defendants.

### COUNT II

### (Avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A), Alternative Count)

33. Plaintiff realleges the allegations of paragraphs 1 through 32 above as though fully set forth herein.

34. The Transfers constituted transfers of an interest of the Debtor in property.

15594755_1

6

35. The Transfers were made within two (2) years of the Petition Date.

36. At the time of the Transfers, the Debtor was insolvent, or the Transfers rendered her insolvent.

37. The Debtor made the Transfers with the actual intent to hinder, delay, or defraud her creditors, as evidenced by the following "badges of fraud":  (a) Debtor received no monetary consideration or value in exchange for the Transfers; (b) the Transfers were to or for the benefit of insiders, her sister and her brother-in-law; (c) the Transfers occurred within two (2) years of the Petition Date; (d) prior to and at the time of the Transfers, the Debtor had substantial debts which remain unpaid; (e) Debtor was insolvent or rendered insolvent as a result of the Transfers; and (g) Debtor failed to disclose the Transfers in her originally filed Sworn Statements.

38. Under 11 U.S.C. § 548(a)(1)(A), Plaintiff is entitled to avoid the Transfers made by Debtor to Ms. Smith.

## COUNT III

### (Recovery of the avoided transfers pursuant to 11 U.S.C. § 550)

39. Plaintiff realleges the allegations of paragraphs 1 through 38 above as though fully set forth herein.

40. Defendants were the initial transferees of the Transfers and/or the persons for whose benefit the Transfers were made.

41. Pursuant to 11 U.S.C. § 550(a)(1), Plaintiff is entitled to recover for the Estate the value of the Transfers from Defendants – specifically from Ms. Kim to the extent that she was the initial transferee and from Mr. Chang to the extent that he was the initial transferee.

## COUNT IV

### (Preservation of the avoided transfers pursuant to 11 U.S.C. § 551)

42. Plaintiff realleges the allegations of paragraphs 1 through 41 above as though fully set forth herein.

43. Once avoided, the Transfers are automatically preserved for the benefit of the Estate, pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays that this Court enter a judgment in favor of Plaintiff and against Defendant:

a) avoiding the Transfers pursuant to 11 U.S.C. § 548(a)(1)(B);

b) alternatively, avoiding the Transfers pursuant to 11 U.S.C. § 548(a)(1)(A);

c) requiring Defendants (specifically from Ms. Kim to the extent that she was the initial transferee and from Mr. Chang to the extent that he was the initial transferee) to return the value of the Transfers and/or holding them liable for the Transfers pursuant to 11 U.S.C. § 550;

d) preserving the avoided Transfers for the benefit of the Estate, pursuant to 11 U.S.C. § 551;

e) reimbursing Plaintiff for all costs incurred in this action, including interest and attorney's fees; and

  f) granting such other and further relief as is just and proper.

 This 20th day of October, 2020.

               ARNALL GOLDEN GREGORY LLP
               *Attorneys for Plaintiff*

               By: */s/ Michael J. Bargar*
                 Michael J. Bargar
                 Georgia Bar No. 645709
                 michael.bargar@agg.com
                 William D. Matthews
                 Georgia Bar No. 470865
                 william.matthews@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
P: (404) 873-8500
F: (404) 873-8501

15594755_1              9