UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| YOO JIN KIM, ) | CASE NO. 18-68287 |
|     DEBTOR. ) | |
| ------------------------------------- | |
| S. GREGORY HAYS, CHAPTER 7 TRUSTEE ) | **ADVERSARY PROCEEDING** |
| FOR THE ESTATE OF YOO JIN KIM, ) | CASE NO. 20-6193 |
|     PLAINTIFF, ) | |
| VS. ) | |
| KEVIN DONG IL CHANG AND GEUM HEE ) | |
| KIM, ) | |
|     DEFENDANTS. ) | |

## **DEFENSES, ANSWER, AND COUNTERCLAIM**

**COME NOW** Kevin Dong Il and Geum Hee Kim ("Defendants/Counterclaimants"), by and through their undersigned counsel, and make this Answer, Defenses, and Counterclaim to Plaintiffs' Complaint. In support, Defendants respectfully represent the following:

### **FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### **SECOND DEFENSE**

Plaintiff has failed to provide sufficient evidence that Yoo Jin Kim ("Debtor") committed acts that warrant a fraudulent transfer or transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

### **THIRD DEFENSE**

Plaintiff has failed to provide sufficient evidence that Debtor committed acts that warrant a fraudulent transfer or transfers pursuant to 11 U.S.C. § 548(a)(1)(A).

### **FOURTH DEFENSE**

Plaintiff has failed to provide sufficient evidence that Debtor committed acts that warrant a fraudulent transfer or transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

## FIFTH DEFENSE

Any alleged transfer or transfers made by Debtor were in her sole capacity as Trustee pursuant to O.C.G.A. §§ 53-12-131 and/or 53-12-132.

## SIXTH DEFENSE

The Complaint is barred by the doctrine of unjust enrichment.

## SEVENTH DEFENSE

Defendants reserve the right to raise such addition defense and claims as appropriate upon further investigation.

Subject to and without waiving the foregoing defenses, Defendants respond to each enumerated paragraph of Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.

Admitted.

2.

Admitted.

3.

Admitted.

4.

Admitted.

5.

Admitted.

6.

Admitted.

7.

Admitted.

8.

Denied.

9.

Paragraph 9 contains a statement from Plaintiff that requires no response. To the extent a response is required, Defendants deny any allegations raised in Paragraph 9.

### STATEMENT OF FACTS

**a. General Background**

10.

Admitted.

11.

Admitted.

12.

Defendants admits only that Debtor transferred property in capacity as Trustee.

13.

Admitted.

14.

Admitted.

**b. Sale of the Property and Transfers or Gifts Made at Closing of Sale**

15.

Admitted.

16.

Admitted.

17.

Admitted.

### e. Debtor's Financial Condition

18.

Admitted.

19.

Admitted.

20.

Admitted.

Other Transfers

22.

Defendants admit that Debtor made multiple transfers, but only in Debtor's capacity as Trustee. Defendants deny any further allegations raised in Paragraph 22.

23.

Admitted.

24.

Defendants admit Debtor made other transfers, but only in Debtor's capacity as Trustee. Defendant deny any further allegations raised in Paragraph 24.

25.

Paragraph 25 contains a statement of Plaintiff's and requires no response. To the extent a response is required, Defendants deny Paragraph 25.

## COUNT I

**(Avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B))**

26.

Defendants adopt and incorporate by reference each of their responses to Paragraphs 1 through 25 as if fully set forth herein.

27.

Denied.

28.

Admitted.

29.

Denied.

30.

Admitted.

31.

Denied.

32.

Denied.

## COUNT II

**(Avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A)**

33.

Defendants adopt and incorporate by reference each of their responses to Paragraphs 1 through 32 as if fully set forth herein.

34.

Denied.

35.

Admitted.

36.

Admitted.

37.

Denied.

38.

Denied.

## COUNT III

**Recovery of the avoided transfers pursuant to 11 U.S.C. § 550**

39.

Defendants adopt and incorporate by reference each of their responses to Paragraphs 1 through 38 as if fully set herein.

40.

Admitted.

41.

Denied.

## COUNT IV

**Preservation of the avoided transfers pursuant to 11 U.S.C. § 551**

42.

Defendants adopt and incorporate by reference each of their responses to Paragraphs 1 through 41 as if fully set herein.

43.

Denied.

Defendants deny any allegations raised in the paragraphs beginning "WHEREFORE."

Defendants deny generally any averments not specifically denied above.

## COUNTERCLAIMS AGAINT PLAINTIFF

COME NOW, Defendants Kevin Dong Il Chang and Geum Hee Kim (Defendants/ Counterclaimants), and files these Counterclaims against Plaintiff.

## FACTS

1.

Defendants intended to purchase a home located 2106 Pleasant Hill Road # A5, Duluth, Georgia ("Residence").

2.

Due to Defendants' financial condition, they were unable to obtain favorable financing to purchase the Residence.

3.

Defendants entered into an agreement with Debtor, whereby she would obtain financing to purchase the Residence.

4.

Defendants and Debtor agreed that as soon as Defendants were able to obtain the necessary financing, Defendants would refinance the home, and Debtor would transfer legal interest in the home to Defendants.

5.

Defendants picked out the home for purchase.

6.

Defendants made all payments for the Residence, including down payment and all subsequent mortgage payments.

7.

Defendants exclusively resided in the Residence from the initial purchase date.

8.

As of October 2018, Debtor never resided in the Residence, and Debtor continually maintained a separate dwelling.

9.

Debtor never made a single mortgage payment.

10.

**COUNTERCLAIM COUNT I**

**DECLARATORY JUDGMENT FOR RESULTING TRUST**

11.

Defendants incorporate by reference Paragraphs 1 through 10.

12.

O.C.G.A. § 53-12-130 mandates that a resulting trust arises where the settler did not intend that the holder of the legal title to the trust property should also have the beneficial interest of the property.

13.

In O.C.G.A. § 53-12-131, Georgia recognizes a purchase money resulting trust where a special implied trust is created for the benefit of a person paying consideration for the transfer to another person of legal title to real property.

14.

The title to the Residence was in Debtor's name strictly because of Debtor's superior financial condition, and Defendants' inability to obtain favorable loan terms.

15.

Defendants provided all consideration for the Residence's purchase.

16.

Despite legal title, Defendants and Debtor intended the beneficial interest of the Residence solely for Defendants.

17.

The requisite factors exist to determine a Resulting Trust under Georgia law.

18.

The Debtor, who obtained legal title through an agreement with Defendants for the sole purpose of obtaining move favorable loan terms, could not enjoy the beneficial interest in the Residence without violating the equitable interests of Defendants, who made all payments, maintained exclusive possession, and held out the Residence as their own.

19.

The factors in this case also create an implied trust pursuant to O.C.G.A. § 52-12-132.

WHEREFORE, Defendants pray:

a. For judgment on all counts in favor of Defendants and against Plaintiff;

b. For Counterclaim Count I, judgment recognizing a constructive trust to be imposed on Debtor's prior legal interest in the Residence; and

c. For all such other relief this Court deems fair and equitable under these circumstances.

This Wednesday, November 11, 2020.

Respectfully submitted,

_____/s/
Charles M. Clapp, 101089
Attorney for Defendant/Debtor
5 Concourse Parkway NE
Suite 3000
Atlanta, GA 30328
(404) 585-0040 (Office)
(404) 393-8893 (Fax)
charles@lawcmc.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day served the within and foregoing Defenses, Answer and Counterclaim electronically to the Trustee and by placing same in an envelope with adequate First Class postage affixed and depositing same in the United States Mail addressed for delivery to:

Arnall Golder Gregory LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
Attn: Michael Bargar

S. Gregory Hays, Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

This Wednesday, November 11, 2020.

Respectfully submitted,

_____/s/
Charles M. Clapp, 101089
Attorney for Defendant/Debtor
5 Concourse Parkway NE
Suite 3000
Atlanta, GA 30328
(404) 585-0040 (Office)
(404) 393-8893 (Fax)
charles@lawcmc.com